IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR T. GRIFFIN JR., | |
| Petitioner, | 8:23CV369 |
| vs. | |
| MICHEAL MEYERS, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the Court for initial review of Petitioner Arthur T. Griffin Jr.'s ("Griffin" or "Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Filing No. 1. For the reasons that follow, Griffin's Petition shall be dismissed without prejudice.

Griffin alleges he is challenging a judgment of conviction for criminal trespass and assault on an Omaha police officer entered by the District Court of Douglas County, Nebraska on "7/7/23" with a date of sentencing of "7/7/23." Filing No. 1 at 1. Griffin's state court records in *State v. Arthur Griffin Jr.*, Case No. CR23-3447, District Court of Douglas County, Nebraska available to this Court online, which this Court takes judicial notice of,[1] show that a criminal complaint was filed in Douglas County District Court Case

---

[1] *See Stutzka v. McCarville,* 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

No. CR23-3447 on March 6, 2023, charging Griffin with trespass, a misdemeanor, and assault on an officer, a Class I misdemeanor. *See also* Filing No. 1 at 1 (listing Case No. "CR23-3447" as the challenged case). Griffin's state court records reveal that on July 7, 2023, Griffin was found guilty of misdemeanor trespass, and assault on a public safety officer, a Class I misdemeanor, and was sentenced to 270 days' imprisonment with credit for 124 days served. Griffin has not filed a direct appeal of his conviction.

Griffin's § 2254 habeas petition was obviously filed prematurely, and it is apparent that he has not exhausted any of his available state court remedies.[2] As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

---

[2] Griffin's Petition may also be moot. Given the amount of credit Griffin received towards his sentence, he likely would have been released almost immediately after sentencing. *See* Neb. Rev. Stat. § 47-502 (Reissue 2021) (county jail good time formula). By the Court's calculation, a person sentenced to two 270-day concurrent sentences in county jail would only serve approximately 143 days total, assuming no disciplinary loss of good time. Thus, Griffin's credit of 124 days served towards his 270-day sentence would appear to make Griffin eligible for release by the end of July 2023, prior to the filing of his habeas Petition on August 21, 2023. *See* Filing No. 1. Additionally, the online records of the Douglas County Department of Corrections show that Griffin was admitted to the facility on October 19, 2023, and is being held on charges of false reporting, not trespass or assault on an officer for which he was convicted and sentenced in CR23-3447. *See* https://corrections.dccorr.com/accepted?datanum=1551891 (last visited November 22, 2023), *archived at* https://perma.cc/S8AN-9S2P.

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. Id. at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454–55 (8th Cir. 2005).

To be clear, exhaustion of available state postconviction relief is a necessary prerequisite to seeking federal habeas relief under 28 U.S.C. § 2254. As explained in Rose v. Lundy, 455 U.S. 509, 520 (1982):

> [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

Here, Griffin's allegations set forth in the Petition and Griffin's state court records clearly establish that he did not exhaust his available state court remedies *before* filing his habeas case in this forum. Consequently, Griffin's petition for relief under 28 U.S.C. § 2254 is subject to sua sponte dismissal by this court. Rose, 455 U.S. at 520; Akins, 410 F.3d at 455.

Griffin does not allege, nor can it reasonably be claimed, that his habeas Petition is a "mixed" petition. "The failure to do so categorically rules out relief under Rhines [v. Weber, 544 U.S. 269, 276 (2005)] since Rhines only involves cases with mixed petitions." McLemore v. Frakes, No. 8:18CV567, 2019 WL 2358433, at *3 n.2 (D. Neb. June 4, 2019) (citing Charles v. Payne, No. 4:17 CV 2494 CDP, 2018 WL 3208551, at *2 (E.D. Mo. June 29, 2018)). "A 'mixed petition' is one where at least one claim is exhausted but another is unexhausted." Id. Here it is clear Griffin has not exhausted any claims, therefore relief under Rhines is not available.

Even if the Court could exercise discretion to stay these proceedings pursuant to Rhines, a stay would not be appropriate in this case as Griffin's access to federal habeas review will not be prejudiced if this case is dismissed. As Griffin's conviction and sentence was entered July 7, 2023, the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1) has not yet expired.

Based on the foregoing, Griffin's habeas Petition must be dismissed without prejudice for failure to exhaust available state postconviction remedies.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in Slack v. McDaniel, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Griffin is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The Petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. A judgment will be entered by separate document.

Dated this 1st day of December, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court